UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRIAN ROGERS,<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>        Respondent. | No. 2:17-cv-1687 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 21, 2017, respondent filed a motion to dismiss on the grounds that the petition is successive under 28 U.S.C. § 2244(b); fails to assert a federally cognizable claim; is untimely under 28 U.S.C. § 2244(d); and the claim is unexhausted. Petitioner did not file an opposition to the motion. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id.

      Review of the motion demonstrates that respondent's arguments are well-taken. First, because petitioner solely challenges the validity of the restitution order, he does not satisfy the "in custody" requirement. The fact that a petitioner is in physical custody when he files a petition challenging a restitution order is not sufficient to confer jurisdiction. United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002). "The writ of habeas corpus shall not extend to a prisoner unless ...

he is in custody under or by color of authority of the United States. . . ." 28 U.S.C. § 2241(c)(1). "Because the "in custody" requirement is jurisdictional, "it is the first question we must consider." Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted). To be in custody generally requires a restraint on liberty not experienced by the public generally. Id. Collateral consequences of a conviction, such as a fine, loss of a license, or a restitution order, do not satisfy the in-custody requirement. Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010); Williamson, 151 F.3d at 1183. Imposition of a restitution order does not constitute "a significant restraint on liberty." Bailey, 599 F.3d at 979. Therefore, the instant petition must be dismissed because petitioner fails to satisfy the "in custody" requirement.

Second, petitioner previously filed an application for a writ of habeas corpus attacking the 2010 conviction and sentence challenged in this case. The previous application was filed on August 26, 2015, and was denied on the merits on July 5, 2016. Rogers v. Arnold, No. 2:15-cv-1805 TLN EFB P.[1] Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice.

Because dismissal is required on such two grounds, the court need not reach respondent's alternative arguments.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

---

[1] Petitioner's appeal remains pending in the Court of Appeals for the Ninth Circuit, No. 16-16414.

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 11, 2018

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

/roge1687.succ